David L. HEILMAN, Petitioner,

v.

Michael WOLKE, Sheriff of Milwaukee
County, Respondent.

No. 76–C–823.

United States District Court,
E. D. Wisconsin.

Feb. 15, 1977.

Thomas M. Kells, Milwaukee, Wis., for
petitioner.

Robert P. Russell, Corp. Counsel by Robert A. McKnight, Asst. Corp. Counsel, Milwaukee, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

David L. Heilman, who is in the custody of the sheriff of Milwaukee county, has submitted a petition for a writ of habeas corpus. This court has previously denied the petitioner's motions to stay the order of commitment under which he is confined, pending the disposition of his appeal to the

Wisconsin supreme court of his conviction of civil contempt of the circuit court of Milwaukee county, and for reconsideration of the denial of the stay motion. On July 9, 1976, another branch of the United States district court dismissed a civil rights action brought by Mr. Heilman against the state circuit judge. The present petition is before the court on the pleadings and memoranda of the parties.

The petitioner, president of E-C Tape Service, Inc., was one of the defendants in *Mercury Record Productions, Inc. v. Economic Consultants, Inc.,* case no. 405–908, in the circuit court of Milwaukee county. The circuit court's sustaining of a demurrer to that complaint was reversed by the Wisconsin supreme court at 64 Wis.2d 163, 218 N.W.2d 705 (1974). Thereafter, on October 3, 1974, the circuit court enjoined the defendants, including the petitioner here, from:

"1. Advertising, offering for sale or selling any tape, record, cassette, reel or other device to which has been transferred any part of any record performance embodied in any recordings manufactured by any of the plaintiffs or members of the plaintiff class, unless cuh [sic] tape, record or other device advertised, offered for sale or sold has been made by or under the authority of any plaintiff or member of the plaintiff class;

"2. Transferring to any tape, record or other device any part of any recorded performance embodied in any recording manufactured by any of the plaintiffs or members of the plaintiff class, or otherwise misappropriating any of the plaintiffs' recordings to defendants' use and profit; and

"3. Taking any action to destroy, transfer, remove, conceal or otherwise place beyond the jurisdiction of the Wisconsin courts any of defendants' inventory of such tapes and records, other assets, or any of the books, documents and records relating to

defendants' sales and inventory of such tapes and records, or taking any action to render nugatory plaintiffs' right to relief and claim for damages."

On October 16, 1976, the state circuit judge filed a written opinion reflecting upon Mr. Heilman's contemptuous conduct. On January 26, 1976, the same court adjudged the petitioner guilty of contempt of court for having violated the provisions of the temporary injunction of October 3, 1974, in that he "caused and allowed an advertisement in a national magazine to appear in the State of Wisconsin of tapes, records and cassettes to which had been transferred performances embodied in recordings manufactured by one or more of the plaintiffs without authority from any of the plaintiffs." The petitioner was also ordered to pay the plaintiffs the sum of $11,-598.02 as costs and expenses of the contempt proceedings within five months.

On September 20, 1976, the petitioner was committed to the custody of the sheriff of Milwaukee county upon being adjudged guilty of contempt of the circuit court of Milwaukee county in having wilfully and contumaciously disobeyed the order of January 26, 1976, requiring payment to the plaintiffs. On December 30, 1976, in a written decision and order, this court denied Mr. Heilman's petition for a stay of the order of commitment. A motion for reconsideration of that ruling was denied by this court in an order dated January 14, 1977.

The plaintiffs in the state court action were recording companies engaged in the production and distribution of records and tapes. The petitioner and the other defendants were engaged in the business of pirating records and tapes, that is, purchasing records and tapes produced by others, producing copies without authorization from the original producers, and marketing those unauthorized copies.

The state court injunction which the petitioner was found to have violated was based on the Wisconsin common law doctrine of unfair competition and was intended to provide the plaintiffs with protection against

the misappropriation of their efforts. See *Mercury Record v. Economic Consultants*, 64 Wis.2d 163, 183, 218 N.W.2d 705 (1974).

In his present habeas corpus petition, Mr. Heilman challenges the commitment order as unconstitutional in that it was issued to enforce the injunction of October 3, 1974, which injunction he contends violates the interstate commerce clause, the supremacy and copyright clauses, and the 1st amendment to the United States Constitution. In addition, the petitioner contends that the commitment order violates the due process clause of the 14th amendment in that there was no contemporaneous finding made as to his ability to pay the amount referred to in the order of January 26, 1976, and that his commitment amounts to cruel and unusual punishment.

■ A state court's power to grant an exclusive right as against misappropriation is limited to the borders of that state. See *Goldstein v. California*, 412 U.S. 546, 93 S.Ct. 2303, 37 L.Ed.2d 163 (1973). The petitioner contends that he is in custody as a result of conduct which the state of Wisconsin was without power to prohibit or regulate in any way. However, the petitioner's characterization of his post-injunction business as wholly out-of-state ignores the following portions of the circuit court's opinion of October 16, 1975:

> "The ad also contains a toll free WATS number which has two terminals, one at defendants' place of business in Brookfield (Waukesha County) Wisconsin and the other at an answering service in downtown Milwaukee. All phone orders are pre-screened in Wisconsin by defendants' employees for a credit card check and if the credit checks out the order is accepted in Wisconsin. . . ."

> "Although *Goldstein v. California* (1973) 412 U.S. 546, 560, 561 [93 S.Ct. 2303, 37 L.Ed.2d 163] points out 'As we have noted, however, the exclusive right granted by a state is confined to its borders', the fact is defendants are operating within the borders of Wisconsin in addition to their Illinois activities. Accepting and screening of phone orders on the two terminals of their WATS lines located in Wisconsin is enough in itself to justify subject matter jurisdiction. In addition the three key employees performing this task all live in Wisconsin and the corporation's principal office is located in this state."

■ Accordingly, I am unpersuaded by the petitioner's argument that the circuit court's judgment of January 26, 1976, that the petitioner was guilty of contempt of court, was beyond that court's authority. Furthermore, the fact that the petitioner's post-injunction tape pirating business included operations within Wisconsin empowered that state to prohibit commercial advertising for that business within Wisconsin. See *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). The state court could properly balance the petitioner's first amendment advertising rights against conduct which it found to be contrary to the policy of the state and illegal. Since the bases of the January 26, 1976, judgment of contempt were the operations and advertising within the state of Wisconsin, I find the petitioner's argument that his conduct was beyond the circuit court's power to be without merit.

■ The petitioner also contends that his commitment on September 20, 1976, for failure to pay the plaintiffs in the state court action the sum which he had been ordered to pay as costs and expenses of the contempt proceedings violated his 14th amendment rights to due process in that there was no contemporaneous finding of his ability to pay those sums. I find the authorities upon which the petitioner relies to be inapplicable, since they involved situations where a finding of willfulness could not constitutionally be made absent a finding of ability to pay. In the state court action here, there was a finding on September 20, 1976, that the petitioner had been able to pay the sum ordered by the court but had wilfully and contumaciously applied his funds to other purposes. The state court's finding of willfulness, made with a proper attention to the possible defense of inability to pay, similarly lays to rest the

petitioner's 14th amendment equal protection claim.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied.